IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
UNITED STATES OF AMERICA ex rel.   )
SAM COOK #B-39841,                 )
                                   )
               Petitioner,         )
                                   )
     v.                            )    No.  07 C 6851
                                   )
TERRY McCANN,                      )
                                   )
               Respondent.         )
```

MEMORANDUM ORDER

Sam Cook ("Cook") has submitted a self-prepared Petition for Writ of Habeas Corpus - Person in State Custody ("Petition") under 28 U.S.C. §2254[1] to challenge his state court conviction for the murder of his wife, on which conviction he is serving a 42-year sentence. This Court has reviewed the Petition in accordance with the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), and this memorandum order is issued to address a basic problem that is apparent on the face of the Petition.

According to Petition Pt. I ¶4, Cook's effort to overturn his conviction via direct appeal came to an unsuccessful state court end on January 28, 2004, when the Illinois Supreme Court denied leave to appeal (reported in table at 207 Ill.2d 610, 807 N.E.2d 977) from the adverse decision of the Illinois Appellate Court for the First District. When the 90 days within which Cook

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

could have applied to the United States Supreme Court for a writ of certiorari is added (<u>Anderson v. Litscher</u>, 281 F.3d 672, 674-75 (7th Cir. 2002)), that brings the date specified in Section 2241(d)(1)(A) to April 27, 2004--the date when the one-year limitations clock for filing a federal habeas petition began to tick.

Because Section 2244(d)(2) specifies that limitations are tolled throughout "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," this memorandum order turns next to that issue.  According to Petition Pt. II ¶1.B, Cook filed a post-conviction petition in the Circuit Court of Cook County on October 13, 2004, at which point 5 months and 15 days of the one-year limitation period would already have expired.  But Cook has attached as one of his exhibits a portion of the Illinois Appellate Court's October 17, 2006 unpublished order (its Case No. 1-05-2085),[2] and that order refers to August 11, 2004 as the filing date of his post-conviction petition,[3] which would mean that the then-expired time was less:

---

[2] For some reason page two of that four-page order is missing, but its absence is not relevant to the matter dealt with in this memorandum order.

[3] It seems from other parts of Cook's attached exhibits that he filed an amended post-conviction petition after his original filing, which may account for his having listed the October 13, 2004 date.  This Court will give him the benefit of the doubt by accepting the Illinois Appellate Court's statement.

2

3 months and 14 days.

In any event, Cook's problem is that his post-conviction proceedings wended their way through the Illinois court system only until January 24, 2007, when the Illinois Supreme Court denied leave to appeal (reported in table at 222 Ill.2d 612, 862 N.E.2d 235) from the Illinois Appellate Court's adverse ruling as to post-conviction relief.  Unlike the inclusion of the certiorari-application period for Section 2241(d)(1)(A) purposes, the United States Supreme Court decided earlier this year in Lawrence v. Florida, 127 S.Ct. 1079, 1082-85 (2007) that the end date for the toling provision under Section 2241(d)(2) is the date of ultimate disposition of the state post-conviction proceedings in the state courts--in this instance January 24, 2007.

It is plain, then, that the elapsed time on the limitations clock--the 3 months and 14 days (at a minimum) between the ultimate conclusion of Cook's direct appeal and his institution of post-conviction proceedings, plus the 9 months and 27 days (at best) between the end of the tolling period and Cook's institution of this action--means that this action is untimely brought.  That in turn leads to consideration of the appropriate next step.

Last year the United States Supreme Court decided in Day v. McDonough, 547 U.S. 198 (2006) that the question of timeliness

addressed here is appropriate for sua sponte treatment by a district court--as <u>Day</u>, <u>id</u>. at 209 said:

> In sum, we hold that district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition. We so hold, noting that it would make scant sense to distinguish in this regard AEDPA's time bar from other threshold constraints on federal habeas petitioners.

<u>Day</u>, <u>id</u>. at 210 went on to say:

> Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.

Accordingly both Cook and the Attorney General's Office (acting for the respondent Warden) are ordered to respond solely on the statute of limitations issue--<u>not</u> on the merits of Cook's contentions--by a filing to be received in this District Court on or before January 11, 2008. This Court will then determine the appropriate course of action.

Two other matters posed by Cook's Petition should be addressed briefly. First, his original effort to pay the $5 filing fee was unsuccessful because his money order had named an incorrect payee. Accordingly he should promptly remit a check or money order for $5 payable to the "Clerk of Court, United States District Court for the Northern District of Illinois." Next, Cook has filed a Motion for Appointment of Counsel. Because the mathematical calculation that has been made here is based squarely on the unambiguous statutory and caselaw language, the response requested of Cook here is whether there is some good

4

reason not to enforce the one-year statutory limitation--a question that he knows best how to answer and that he would simply have to communicate to counsel for filing. Accordingly the motion for counsel will not be granted at this time, subject to possible further review based either (1) on the basis for Cook's response or (2) for purposes of addressing the merits if the Petition survives as timely brought.

```
                          _____
                                Milton I. Shadur
                                Senior United States District Judge
```

Date:  December 11, 2007