IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
UNITED STATES OF AMERICA ex rel.  )
SAM COOK #B-39841,                )
                                  )
               Petitioner,        )
                                  )
     v.                           )   No.  07 C 6851
                                  )
TERRY McCANN,                     )
                                  )
               Respondent.        )
```

MEMORANDUM ORDER

As soon as this Court received its chambers copy of the 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus - Person in State Custody ("Petition") that has been submitted by pro se petitioner Sam Cook ("Cook"), it recognized the lurking potential for the fatal untimeliness of the Petition under Section 2244(d). It therefore parsed the required calculations under that section carefully in a December 11, 2007 memorandum order ("Order"), resulting in the conclusion that the Petition was indeed out of time even under the most favorable pro-Cook assumptions.  But pursuant to last year's opinion of the United States Supreme Court in Day v. McDonough, 547 U.S. 198, 209-10 (2006), the Order accorded Cook (and the respondent Warden as well) the opportunity to provide input on the subject before this Court dealt with the timeliness issue in ultimate terms.

Cook has now responded with a filing that he captions

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

"Petitioner Reply to Memorandum Order of December 11, 2007," in which he candidly acknowledges the untimeliness of his filing and the fairness of this Court's adherence to the teaching in Day. But all that Cook advances in substantive terms are (1) the claimed existence of issues of constitutional merit and (2) an asserted absence of fault on his part because he "cannot, in all fairness be held at fault for delays by state courts or prisoner lock-downs." Because the first of those assertions is reachable only if the Petition survives in timeliness terms, this follow-up memorandum order focuses on Cook's second contention.

In that respect, nothing in the way that Section 2244(d) is structured creates problems for Cook because of any asserted state court delays. To the contrary, the calculation of the one-year limitation period under that statute is predicated solely on the petitioner's delays, for the limitations clock does not begin to tick until the state courts have completed their consideration and the time for seeking certiorari has run (see Section 2244(d)(1)(A)) and because tolling applies throughout any period during which the petitioner has a state post-conviction proceeding that is still pending (see Section 2244(d)(2)).

That leaves only Cook's assertion in Reply ¶1 that "there was numerious lock-downs at the prison and other issues that made it hard to file some papers, but, all were filed timely." That acknowledgment really torpedoes Cook's contention that he cannot

be faulted for delays ascribable to such lockdowns--as Order at 3 pointed out, Cook had fully 8-1/2 months, once the Illinois Supreme Court had denied leave to appeal from the Illinois Appellate Court's adverse ruling as to state post-conviction relief, within which he could have filed his federal habeas Petition.  Yet he let the matter go without a filing during that long period.  No reference by Cook to sporadic lockdowns (rather than a continuous lockdown that would have precluded any filing) can save him from the operation of Section 2244(d)(1).

Accordingly "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" (Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts), and this Court therefore dismisses the Petition (id.).  That calls for the denial on mootness grounds of Cook's earlier-filed motion seeking the appointment of counsel, and this Court so orders.

                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge

Date:  January 4, 2008