# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) | |
| SAM COOK, B-39841, ) | |
| Petitioner, ) | NO. 07 C 6851 |
| v. ) | |
| TERRY McCANN, ) | |
| Respondent. ) | |

**FILED**

JAN 0 2 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE

Please take NOTICE that I have on this 01 day of 2007 ==, 2007, filed with the CLERK, OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, a copy of the attached; PETITIONERS REPLY TO MEMORANDUM ORDER OF DECEMBER 11, 2007, by placing same in the U.S. mail at BX 112, JOLIET, IL. -60434.

*/s/ Sam Cook*

SAM COOK, B-39841-Petitioner, Pro Se

---

## IN COMPLIANCE WITH TITLE 28 SECTION 1746

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT OF MY OWN PERSONAL KNOWLEDGE.

*/s/ Sam Cook*

SAM COOK, B-39841, Petitioner, Pro Se
Box 112
Joliet, Il. - 60434

ECUTED - ON : 12-31-2007

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )

SAM COOK B-39841, )

      Petitioner, ) NO. 07 C 6851

  v. )

TERRY McCANN, )

      Respondent. )

FILED

JAN 0 2 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PETITIONER REPLY TO MEMORANDUM ORDER OF DECEMBER 11, 2007.

Now comes the Petitioner, SAM COOK, B-39841, Pro Se, and respectfully replies to the order by this Honorable court of DECEMBER 11, 2007, in which this Honorable Court requested that petitioner reply to the sole issue of the one-year staturory limitations.

In response thereof, petitioner would respectfully submit the following to this Honorable Court.

1. Petitioner filed all of his state court proceedings in compliance with state statute and rules governing his appeal and post conviction petition, however, there was numerious lock-downs at the prison and other issues that made it hard to file some papers, but, all were filed timely.

2. Petitioner cannot be held to be at fault for the delays in the Illinois Court proceedings, for it would be impossible for any petitioner in and Federal proceeding to get a state court to move properly on a issue before it.

3. Petitioner would respectfully submit to this Honorable Court that the very essences of day v. McDonough, 547 U.S. 198(2006) was to allow a state petitioner were it is appropriate for a Federal Court to sua sponte a timeliness issue, the United States Supreme court stated that

"In sum, we hold that district courts are permitted, but not obliged, to

consider, sua sponte, the timeinless of a state's prisoner's habeas corpus petition. We so hold, noting that it would make scant sense to distinguish in this regard AEDPA's time bar from other threshold constraints on federal habeas petitioners." Day,id. at 210 went on to say:

Of couse, before acting on its own initiative, a court must accord the part fair notice and an opportunity to present their positions.

In the instant action, that is exactly what this Honorable Court has done, in the interest of fairness and justice.

It must be pointed out to this Honorable Court that in Lawrence v. Florida, 127 S.Ct. 1079,1082-85(2007) the United States Supreme Court placed the end date for the tolling provision under Section 2241(d)(2) is the date of ultimate disposition of the state post-conviction proceeding in the state courts--.

4. In the instant cause before this HOnorable Court it is apparant that because the mathematical calculations that have been made here are based squarely on the unambiguous statutory and caselaw language, petitioner must address the issue head-on, for, in the interest of fairness and justice to the petitioner, the issue of timeliness is one of importance and the sole issue of this ORDER, henceforth, petitioner would state that his petition is mertious, and that his issues are one of constitutional merit. Petitioner would further state that the issue is one that he is not at fault of and this Honorable Court must take judical notice of that fact, for it is beared out by the records in this action. Petitioner, cannot, in all fairness be held at fault for delays by state courts or prisoner lock-downs. One of the reasons in Day,id. was to allow the district court in its good judgment to allow a state prisoner to proceed in a habeas petition, if good cause is shown on the issue of timeliness and petitioner if not at fault and complied with all statutory requirements in the proceeding, which in the instant action, petitioner did.

5. Petitioner would respectfully submit to this Honorable Cort that there is in fact good reason not to enforce the one=year statutory limitation in this cause,It is in the intrest of justice and fairness to the petitioner to not enforce the limitation,for the petition on its face is one of merit and if this Honorable Court does not allow it, petitioner will suffer a grievous constitutional loss on issues that have constitutional merit and cannot be addressed any where else but the Federal Forum. It is in the intesrt of justice and fairness to allow this petition to proceed and address the constitutional violations alleged therein.

It is the duty of a federal court to correct wrong that are done by a state court if they violated the constitution of the United States or misapplied clearly established case law as outlined by the UNited States Supreme Court

   WHEREFORE, the Petitioner would respectfully  pray that this Honorable Court ALLOW the petition to proceed and NOT ENFORCE the ONE-YEAR STATUTORY LOMINATION. in the intest of fairness and justice to the petitiner.

DATED: 12-01-2007 ,2007:

Respectfully Submitted,

*Sam Cook*

SAM COOK B = 39841,PETITIONER, Pro Se

BOX   112

JOLIET, IL. = 60434

**INDEX TO THE RECORD**

**Common Law Record ("C")**                                                          **Page**

Memorandum of Orders ("Half Sheet") .................................................. 2

Notification: On February 10, 2005 - Order of November 15, 2004 to stand (Motion was Dismissed) - Off call .................................................. 16

Mandate of Appellate Court in People v. Sam Cook, appeal no. 02-1313 (February 26, 2004)  20

Appellate Court Rule 23 Decision in People v. Sam Cook, appeal no. 02-1313 (September 17, 2003) .................................................. 22

*Pro Se* Petition for Post-Conviction Relief (August 11, 2004) .................................................. 33

Certified Report of Disposition (August 25, 2004) ..................................................

"First Amended Post-Conviction Petition" and/or "Successive Petition" (October 13, 2004) . 55

Notice of Appeal (May 10, 2005) .................................................. 201

**Report of Proceedings ("R")**

|  | **Direct** | **Cross** | **Redir.** | **Recr.** |
|---|---|---|---|---|
| May 3, 2004 | | | | |
| *Pro Se* Request for Additional Records - Denied | | | | A3 |
| August 20, 2004 | | | | |
| Petition for Post-Conviction Relief - Denied | | | | B3 |
| November 4, 2004 | | | | |
| Continuance | | | | F3 |
| November 15, 2004 | | | | |
| Petition for Post-Conviction Relief - Denied | | | | H3 |
| February 7, 2005 | | | | |
| Continuance | | | | I3 |
| February 10, 2005 | | | | |
| First Amended Post-Conviction Petition and/or Successive Petition - Denied | | | | J3 |

A-1

### Report of Proceedings ("R")

|  | Direct | Cross | Redir. | Recr. |  |
|---|---|---|---|---|---|
| Handwritten letter asking "to allow this petition for supplemental brief" - considered a motion to reconsider - order of 11/15/2004 to stand - off call |  |  |  |  | J3 |