IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. SAM COOK #B-39841, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 07 C 6851 |
| TERRY McCANN, | ) ) ) | |
| Respondent. | ) | |

MEMORANDUM ORDER

On January 3, 2008 this Court dismissed the self-prepared 28 U.S.C. §2254 Petition for Writ of Habeas Corpus - Person in State Custody ("Petition") that had been submitted by pro se petitioner Sam Cook ("Cook"). Now Cook has tendered three documents in that respect:

1. his Motion To Vactur [sic] Order of January 04, 2008;

2. his Request for Certificate of Appealability; and

3. his Affidavit Accompanying Motion for Permission To Appeal In Forma Pauperis ("Application").

This memorandum order addresses each of those submissions.

First, as to Cook's motion to vacate (which he refers to correctly in that fashion in the body of the motion itself, rather than repeating the inadvertent typographical error in the caption), he has attached a 14-page Certified Statement of Conviction/Disposition from the Circuit Court of Cook County, as to which the motion states (copied verbatim):

> 1. The hereto attached court docte sheet shows beyond doubt that there was not, norbhas thee ever been a 81/2 month deays in his filing;
>
> 2. Further, the docuate sheets shows that all delays in regards to the times was by the circuit court in its failure to reply;
>
> 3. That the docuate sheets show that each time there was a delay and that at no time was there a time gap of 81/2 months as thjis court has stated.

But in that respect Cook simply misunderstands the reference to 8-1/2 months in the January 4 memorandum order--as this Court's earlier December 11, 2007 memorandum order identifying Cook's timeliness problems had set out, that was the remaining period available for the timely filing of a Section 2254 Petition <u>after</u> the date of ultimate disposition of Cook's state post-conviction proceedings in the state courts (January 24, 2007, when the Illinois Supreme Court denied leave to appeal from the Illinois Appellate Court's adverse rulings as to post-conviction relief). That time period had nothing at all to do with proceedings in the Circuit Court, so that Cook's inclusion of the records from that court has no relevance to the basis for dismissal of the Petition as untimely.

Next, as to Cook's request for a certificate of appealability, he has failed to respond to the portion of the printed form that requires him to identify "the issues presented in the U.S. District Court for Habeas review." And as this memorandum order has just reflected, the only matter that Cook

has mentioned in any of his submissions is based on his misunderstanding of this Court's ruling. Accordingly this Court finds and certifies that Cook's appeal "is not taken in good faith" within the meaning of 28 U.S.C. §1915(a)(3),[1] so that no certificate of appealability should issue.

But Section 1915(b)(1) still requires Cook to pay the full $455 in appellate filing fees "[n]otwithstanding subsection (a)." This Court has accordingly made the calculation called for by that statutory provision, and it finds that the average monthly deposits to Cook's trust fund account at Stateville Correctional Center ("Stateville," where he is serving his prison term) during the relevant six-month period came to $36.02, so that his required initial payment on account of those filing fees is $7.20 (20% of that average figure). Accordingly Cook is assessed that initial fee of $7.20, and the Stateville trust fund officer is ordered to collect that amount from Cook's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

After such payment, the trust fund officer at Stateville (or at any other correctional facility where Cook may hereafter be

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $455 filing fee is paid. Both the initial payment and all future payments shall identify Cook's name and shall bear the notation "Appeal from District Court Case No. 07 C 6851." To implement these requirements, the Clerk shall send a copy of this order to the Stateville trust fund officer.

In summary, this Court denies both Cook's motion to vacate its January 4, 2008 memorandum order and his request for a certificate of appealability, but as required by Section 1915 it orders Cook to pay the full $455 in appellate filing fees in future installments. Cook is advised that he may present his request for a certificate of appealability to the Court of Appeals.

                                                   */s/ Milton I. Shadur*
                                                   Milton I. Shadur
                                                   Senior United States District Judge

Date: February 1, 2008